**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2974
_____

UNITED STATES OF AMERICA

v.

HAROLD HOOTEN,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:21-cr-00265)
District Judge: Hon. Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 15, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: September 15, 2025)
_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

BIBAS, *Circuit Judge*.

Sentencing judges have broad discretion to weigh justice and mercy. Defendants routinely promise to change, but it is wise to compare their promises with their track records. The past is prologue.

Harold Hooten broke the terms of his supervised release and was sent back to prison for ten months, but he says a lower sentence would better help him handle his drug addiction and mental health. Yet the District Court weighed his plans for the future against the proof from the past. Because that was no abuse of discretion, we will affirm.

Over the last quarter-century-plus, Hooten has been convicted eighteen times. His crimes range from theft to marijuana possession to domestic violence. After his most recent conviction, for conspiracy to possess cocaine, he asked for a "shorter sentence with a longer supervised release tail." Supp. App. 46. He said this "oversight and accountability" was "precisely what [he] need[ed]." *Id.* The District Court obliged, sentencing him to only 24 months in prison (less than half of what the Guidelines recommended) followed by three years of supervised release.

But Hooten failed to follow through. Less than a year into his supervised release, he failed five drug tests. Though the court had ordered him to get treatment for drug use, mental health, and anger management, he kept skipping those sessions. Then he was arrested for assaulting, strangling, and harassing his wife. In exchange for the Government's dropping the supervised-release violation related to those crimes, he pleaded guilty to violating his supervised release by possessing drugs and not completing drug treatment. The District

2

Court sentenced him within the Guidelines to 10 months in prison followed by 24 months of supervised release.

Hooten now appeals, challenging his supervised-release term as substantively unreasonable. He says a shorter sentence would better reflect his addictions and mental health, and he attacks supervised release as in practice ineffective and punitive. We review for abuse of discretion, asking "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (internal quotation marks omitted); *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (applying same standard to violations of supervised release).

The District Court carefully considered those factors. It weighed Hooten's mental health and addictions, pleading with him to get help and urging him to get treatment "on the government's dime." JA 115–17. And it accounted for his acceptance of responsibility. But it balanced those factors against Hooten's criminal history, his chronic recidivism, and his "complete[] fail[ure]" to follow through on any of the court-ordered treatment. JA 114. The court's within-Guidelines sentence was reasonable, indeed merciful. His previous supervised-release term was three years; two years is a break. We cannot say that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. So we will affirm.